UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **HAYDELL INDUSTRIES, LLC,** **ADVANCED EQUIPMENT SERVICES, INC.** | **CIVIL ACTION NO. 09-1518** |
| **VERSUS** | **JUDGE DOHERTY** |
| **ORIANO PETRUCCI,** **EUROSIDER AMERICA, INC.,** **GRADY OLSON, INDIVIDUALLY AND D/B/A NEPSA MANAGEMENT,** **CINDY OLSON, INDIVIDUALLY AND D/B/A NEPSA MANAGEMENT,** **JAMES P. GHERARDINI,** **KRISTOPHER R. BONNEGENT,** **GARY PAWLIK,** **N2 SPRAY SOLUTIONS, LLC** | **MAGISTRATE JUDGE HANNA** |

**ORDER**

A review of the pending litigation, including the motions to dismiss, reveals the Removal Order (rec. doc. 9) issued in this matter has not been complied with, and there is no record of service for any of the defendants or any record of the underlying state court proceedings, except for the Complaint.

Furthermore, while defendant Gary Pawlik is shown on the docket sheet as represented by counsel Bradley Drell, there is no indication in the record that Pawlik is represented by any counsel, and there is no notice information available on the docket sheet.  Thus, the undersigned is unable to tell whether Pawlik has been served with the state court suit, or has had any notice of any of the proceedings in this Court.

Additionally, a review of the Complaint shows the basis of removal jurisdiction was an allegation of breach of federal law, copyright infringement under 17 U.S.C. § 501, et seq.  However, these allegations were made solely against defendants Gary Olson, Cindy Olson, Gherardini, Bonnegent and N2 Spray Solutions LLC, and not against defendants Petrucci, Eurosider America, or Pawlik.  Thus, the Court *sua sponte* questions whether it has supplemental jurisdiction over the state law claims against Petrucci, Eurosider or Pawlik, pursuant to 28 U.S.C. §1367(a).  While the Court agrees the state law claims alleged against all defendants are all related to each other, and most likely the state law claims against Gary Olson, Cindy Olson, Gherardini, Bonnegent and N2 Spray Solutions, LLC are related to the federal copyright claims against them, as the same parties are alleged to be involved in both, it is less  clear whether the state law claims alleged against defendants Petrucci, Eurosider America, and Pawlik are related to the federal copyright claims launched solely against defendants Gary Olson, Cindy Olson, Gherardini, Bonnegent and N2 Spray Solutions LLC.  That is, it is not clear that the state law claims against Petrucci, Eurosider America, and Pawlik are  "related to claims in the action *within such original jurisdiction* that they form part of the same case or controversy under Article II of the United States Constitution."  28 U.S.C. §1367(a)(emphasis added).  Counsel are referred to <u>CICCorp., Inc. v. AIMTech Corp</u>., 32 F.Supp.2d 425 (S.D.Tex 1998), for a review of that court's analysis of this issue.

Therefore,

**IT IS ORDERED** that on or before **January 20, 2010**, defendants shall file a

motion in support of subject matter jurisdiction, and plaintiffs shall file any response by **January 25, 2010.**

**IT IS FURTHER ORDERED** that removing defendants shall comply with the Removal Order issued in this case, and the representation status of defendant Gary Pawlik shall be clarified by **January 20, 2010**.

Signed in Lafayette, Louisiana, this 13th day of January, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)