**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **HAYDELL INDUSTRIES, LLC,** **ADVANCED EQUIPMENT** **SERVICES, INC.** | **CIVIL ACTION NO. 09-1518** |
| **VERSUS** | **JUDGE DOHERTY** |
| **ORIANO PETRUCCI,** **EUROSIDER AMERICA, INC.,** **GRADY OLSON, INDIVIDUALLY** **AND D/B/A NEPSA MANAGEMENT,** **CINDY OLSON, INDIVIDUALLY** **AND D/B/A NEPSA MANAGEMENT,** **JAMES P. GHERARDINI,** **KRISTOPHER R. BONNEGENT,** **GARY PAWLIK,** **N2 SPRAY SOLUTIONS, LLC** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS*
*AND MOTION FOR SUMMARY JUDGMENT*
*(Rec. Docs. 10 and 33)*

Before the court is defendants Grady Olson, Cindy Olson, James P. Gherardini,

Kristopher R. Bonnegent, and N2 Spray Solutions, LLC's Motion to Dismiss Pursuant to

Rule 12(b)(6)(the "Olson" defendants)(rec. doc. 10), and defendants Oriano Petrucci and

Eurosider America, Inc.'s Alternative Motions to Dismiss and For Summary Judgment

(rec. doc. 33).[1]  The motions are opposed.  Because the motions to dismiss are similar,

they will be reported upon together.  Oral argument was held on the motions on January

---

[1]Defendant Pawlick has not answered nor filed a motion to dismiss.  He is
unrepresented.

1

27, 2010.

### *Background and Argument*

Defendants removed this matter from state court alleging federal question jurisdiction due to plaintiffs' allegations of copyright infringement under 17 U.S.C. §501, et seq., against the Olson defendants, Cindy Olson, Grady Olson, Gherardini, Bonnegent and N2 Spray Solutions.  Plaintiff alleges these defendants operate a website at "n2spraysolutions.com" that contains "copies of copyrighted information obtained from the website of Haydell Industries and Advanced Equipment. . . ."[2]  Plaintiffs did not make any claims of copyright infringement against defendants Pertrucci, Eurosider, or Pawlick.

After review of the complaint, the undersigned ordered the parties to clarify the representation status of defendant Pawlick, and to brief the issue of subject matter jurisdiction.  The court was particularly concerned with whether it had jurisdiction over the claims against Pertrucci, Eurosider and Pawlick, as no federal claims were urged against these parties, and there was no diversity jurisdiction.  Defendants responded to the Order, stating Pawlik was unrepresented by counsel, and arguing subject matter jurisdiction existed over these claims pursuant to 28 U.S.C. 1338(b) and 28 U.S.C. 1367(a).[3]  Plaintiffs did not brief the issue of subject matter jurisdiction, however,

---

[2]Complaint (rec. doc. 1), ¶ 167.

[3]See Rec. Docs. 45, 46, 47, and 48.

plaintiffs agreed with the position of the defendants at oral argument.  Pawlik has not filed any appearance in the litigation, and is not a party in the motions to dismiss. Therefore, this report and recommendation does not address any of the claims made against Pawlik.  The subject matter jurisdiction of the court is addressed in this report and recommendation, as well as the defendants' motions to dismiss and for summary judgment.

According to the allegations in plaintiffs' complaint, plaintiff Haydell Industries was an exclusive distributor for products of non-party Eurosider di Milli Ottavio & C SAS (Eurosider Italy). Haydell entered into a non-exclusive Representative Agreement (RA), with defendant Oriano Petrucci on August 31, 2006.  According to Haydell, Petrucci was to use his best efforts to market and promote the use of Eurosider Italy products for Haydell.  As part of the RA, Petrucci agreed not to compete with Haydell during or after termination of the RA, and agreed not to disclose Haydell's confidential information except in the course of business for the benefit of Haydell.   Haydell also entered into a Consultancy Agreement (CA) with the predecessor company of defendant Eurosider America, Bita Spraybooths, Inc., on August 1, 2007.  Petrucci was the President of Bita.  In the CA, Bita and Petrucci were to give Haydell advice deemed important for achieving its business objectives, and agreed to assist Haydell with any issue related to import, marketing, and sale of Eurosider Italy products..

In order to help Haydell fulfill its distributorship obligations, several employees

3

were hired by plaintiff Advanced Equipment Services, Inc. Among these employees was defendant Gary Pawlik, who was hired as Vice-President of Operations and Asset manager, for either Haydell or Advanced Equipment.  Defendants Bonnegent, Gherardini, and Cindy Olson were all former employees of plaintiffs.  According to plaintiffs, Bonnegent, Gherardini and Cindy Olson all signed non-compete agreements with plaintiffs, wherein they agreed they would not compete with plaintiffs for two years after the termination of their employment.  Defendant Grady Olson had a business relationship with plaintiffs, where he was provided equipment to demonstrate same and generate business for plaintiffs.

Plaintiffs allege that when Pawlik ended his employment with plaintiffs in June 2008, he printed several copies of a list of Eurosider Italy products distributed exclusively by Haydell, and gave the lists to third parties including plaintiffs' competitors. Cindy Olson ended her employment and Grady Olson ended his business relationship with plaintiffs on or about August 2008; Bonnegent and Gherardini ended their employment with plaintiffs on or about March 2009.

Plaintiffs allege that at some point during the RA and CA, defendants Petrucci and Eurosider America, and at some point during and after the employment and business relationships, defendants Cindy Olson, Gherardini, Bonnegnet, Pawlik, and Grady Olson, "began to intentionally interfere with the exclusive distributorship agreement between Haydell and Eurosider Italy, by, among other things, providing misleading, false and

4

defamatory information to the principals of Eurosider Italy, the sub-distributors of Haydell Industries, potential sub-distributors of Haydell Industries, potential customers of Haydell Industries, and possibly others."[4]

As a result of these actions, plaintiffs allege several causes of action, titled as follows, against the listed defendants:

1) First Cause of Action – Intentional Interference with Contract Between Haydell Industries and Eurosider Italy, alleged against Petrucci, Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, and Pawlik;

2) Second Cause of Action – Intentional Interference with Contract Between Haydell Industries and Sub-Distributors, alleged against Petrucci and Eurosider America, but relief is also claimed against Grady Olson, Cindy Olson, Gherardini, Bonnegent and Pawlik;

3) Third Cause of Action – Invasion of Business Interest, alleged against Petrucci, Eurosider, Grady Olson, Cindy Olson, Gherardini, Bonnegent and Pawlik.;

4) Fourth Cause of Action - Intentional and Unjustified Interference with Contractual Relations Between Haydell Industries and Eurosider America, alleged against Petrucci;

5) Fifth Cause of Action - Unfair Competition, alleged against Petrucci,

---

[4]*Complaint*, ¶ ¶ 65, 66.

Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, Pawlik, N2Spray Solutions;

6)     Sixth Cause of Action - Breach of Fiduciary Duty, alleged against Petrucci, Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, Pawlik;

7)     Seventh Cause of Action - Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Against Petrucci, alleged against Petrucci;

8)     Eighth Cause of Action – Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Against Eurosider America, alleged aginst Eurosider America;

9)     Ninth Cause of Action – Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Against Grady Olson, Cindy Olson, Gherardini, Bonnegent, and Pawlik, alleged against Grady Olson, Cindy Olson, Gherardini, and Pawlik;

10)    Tenth Cause of Action – Breach of Covenant Not to Compete Against Petrucci, alleged against Petrucci;

11)    Tenth Cause of Action (misnumbered) – Breach of Covenant Not to Compete Against Cindy Olson, Gherardini, and Bonnegent, alleged against Cindy Olson, Gherardini, and Bonnegent;[5]

------

[5]The allegation is misnumbered by the plaintiff.

12)     Eleventh Cause of Action – Theft, Destruction, and Misappropriation of

Trade Secrets alleged against Petrucci, Grady Olson, Cindy Olson,

Gherardini, Bonnegent, and Pawlik;

13)     Twelfth Cause of Action – Defamation alleged against Petrucci;

14)     Thirteenth Cause of Action – Copyright Infringement, alleged against

Grady Olson, Cindy Olson, Gherardini, Bonnegent, and N2Spray Solutions.

In response to the court's Order asking for briefing on the issue of whether the

court has subject matter jurisdiction over the claim against Petrucci, Eurosider America

and Pawlik, who are not alleged to have engaged in any copyright infringement,

defendants argue as follows:

First, defendants argue the court has original jurisdiction under 28 U.S.C. §1338(a)

over plaintiffs' copyright infringement claims against the Olson defendants and original

jurisdiction under 28 U.S.C. §1338(b) over plaintiffs' state law unfair competition claims

against the both groups of defendants, as the unfair competition claims are related to the

copyright infringement claim.  Plaintiffs and defendants agreed at oral argument that

unfair competition claims were alleged against both sets of defendants.  Secondly,

defendants argue that because the court has original jurisdiction over the state law unfair

competition claims against the defendants pursuant to 28 U.S.C. §1338(b),  the court may

exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the other state law

claims against all of the defendants.

In support of their argument, defendants cite Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2d Cir. 1971), where the Second Circuit found a state law unfair trade practice claim made against a defendant who was not sued on the federal copyright infringement claim "fell within the letter of 28 U.S.C. §1338(b)," and thus the court had original jurisdiction over that defendant and the unfair trade practices claim made against him.   Defendants argue the Astor-Honor case is analogous to the present litigation – the unfair competition claims against the Petrucci defendants fall under this Court's original jurisdiction under 28 U.S.C. §1338(b), and the other state law claims fall under this court's supplemental jurisdiction under 28 U.S.C. §1367(a).  Defendants argue "the proper inquiry to determine where the jurisdiction lies is not whether these claims [state law claims other than unfair competition] are related solely to federal copyright claims. . . [t]he inquiry must focus on whether the various state law claims are related to the state law unfair competition claims over which this Court has original jurisdiction under 28 U.S.C. §1338(b).  Defendants argue that all of plaintiffs' claims, other than the copyright claim, rely on the same set of facts alleged against all defendants, and therefore "derive from a common nucleus of operative fact," citing CICCorp., Inc. v. AIMTech Corp., 32 F.Supp.2d 425 (S.D.Tex.1998).

The court found there was no subject matter jurisdiction in CICCorp; however, defendants differentiate it from the present litigation because in CICCorp, "there was no unfair competition claim to tie the claims against the Lanham Act defendants [over whom

the court had subject matter jurisdiction] with the non-Lanham Act defendants."[6]  Thus, 28 U.S.C. §1338(b) was not available to confer original jurisdiction over the party without Lanham Act claims brought against it.  Since there are unfair competition claims against all the defendants in this case, and those are joined with copyright infringement claims against some defendants, defendants conclude the court has original subject matter jurisdiction over all those claims and supplemental jurisdiction over the remaining state law claims.

In their motion to dismiss, the Olsons, Gherardini, Bonnegent, and N2 Spray defendants, argue all claims for tortious interference with contract, whether between Eurosider Italy, Eurosider America, or with plaintiffs' various subdistributors must be dismissed under 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La. 1989), and its progeny, as only a corporate officer of a party to a contract may be liable for tortious interference with contract under Louisiana law, and none of the defendants were or are corporate officers.

Defendants Petrucci and Eurosider America argue the claims for tortious inference with contract against Eurosider must be dismissed, as Eurosider America is not a "corporate officer," but a corporation, and there is no cause of action for interference with contract against a corporation, citing American Waste & Pollution Control v. Browning-Ferris, 949 F.2d 1384 (5th Cir. 1991).   Plaintiff admitted the accuracy of this position at

---

[6]Rec. Doc. 47, p. 4.

oral argument, but still contends plaintiffs have a cause of action against Petrucci as corporate officer of Eurosider America, and may possibly be able to proceed against Petrucci as a corporate officer of Eurosider Italy; however, it is too early to tell what Petrucci's status was with Eurosider Italy.  Further, plaintiff asked for leave to amend his complaint against the other individual defendants to clarify their corporate officer status.

Regarding the other claims, defendants argue plaintiffs have not pled sufficient facts to support a cause of action under Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Defendants Petrucci and Eurosider America also ask the court, in general, to dismiss any claims against them by plaintiff Advanced Equipment Services, Inc., as this plaintiff appears to have been added to the litigation to bring claims against the Olsen defendants and Pawlick, as its employees, and not against Petrucci or Eurosider America, Inc. Defendants Petrucci and Eurosider also moved for summary judgment on plaintiffs' claims against them.

In response to the motions regarding the claims other than for the tortious interference with contract, plaintiff argues its allegations are more than sufficient to state a claim against the defendants.  At oral argument, plaintiffs stated it was difficult to allege facts with more detail and specificity partly because the Olson defendants had destroyed the hard drives of their computers before returning them to plaintiffs.  However, plaintiff asked for permission to amend his complaint in an attempt to clarify any deficiencies. Plaintiff also asks the court to deny the motion for summary judgment as premature, as

10

plaintiff has engaged in no discovery in this matter.

### *Applicable Law and Discussion*

*Subject Matter Jurisdiction*

28 U.S.C. §1338 provides federal courts have exclusive jurisdiction over copyright

cases, and reads as follows:

> § 1338. Patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition
>
> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
>
> (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

The provision governing supplemental jurisdiction is 28 U.S.C. §1367, which

reads as follows:

> [A]ny civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> 28 U.S.C. § 1367(a).

The statute further provides that:

The district courts may decline to exercise supplemental jurisdiction over a claim ... if (1) the claim raises a novel or complex issue of State law, (2) the

11

claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Section 1367(a) has been interpreted to extend federal pendent party jurisdiction to the extent permitted by Article III of the Constitution and to incorporate much of the pre-statute case law, including the seminal case of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). See First Interregional Equity Corp. v. Haughton, 805 F.Supp.196, 200 (S.D.N.Y.1992).  In Gibbs, the Supreme Court held that in order for a district court to exercise pendent jurisdiction, the federal and state claims must derive from a common nucleus of operative fact. Gibbs, 383 U.S. at 725. The state law claims must be part of the same "case or controversy" as the federal claims, since Article III of the Constitution limits the judicial power of the United States to specified cases and controversies.  The Court explained how to determine whether a district court has pendent jurisdiction:

> The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.  The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.
> Id. (citations omitted).

The Supreme Court explained the codification of the concepts of pendent and ancillary jurisdiction as follows:

. . . [t]his Court has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' " Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); see Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909). Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367."State and federal claims thus form part of the same case or controversy, and trigger supplemental jurisdiction, when they derive from a common nucleus of operative fact.
City of Chicago v. International College of Surgeons, 522 U.S. 156, 164, 165, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997).

The court has reviewed Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2nd Cir. 1971), cited by defendants in support of their argument that the court has subject matter jurisdiction.  In Astor-Honor, the court found it had original jurisdiction under 28 U.S.C. §1338(b) over state law unfair trade practices claims made against a non-diverse defendant who had no federal claims made against him,  when there were copyright infringement claims and state law unfair trade practices claims alleged against the other three defendants in the case.  Defendants correctly point out that in Astor-Honor all of the defendants had unfair competition or unfair trade practices claims alleged against them, which brought them into the original subject matter jurisdiction of the court under 28 U.S.C. §1338(b).

In CICCorp. v. AIMTech Corp., 32 F.Supp.2d 425 (S.D.Tex.1998), which the

13

court cited to the parties for consideration, state unfair trade practices claims were only alleged against the defendants with the federal Lanham Act claims.  The undersigned finds <u>Astor-Honor</u> is more analogous to the claims before the court, where unfair competition claims have been brought against all defendants, than to <u>CICCorp.</u>   Having been pointed to no contradictory authority, and not finding any clearly contradictory by independent research, the undersigned finds the court has subject matter jurisdiction over all of the claims and parties in this matter through application of 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

*Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir.2004).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  <u>In re Katrina Breaches Litig.</u>, 495 F.3d at 205, quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  <u>Id.</u>, quoting <u>Bell Atlantic.</u>, 127 S.Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his

14

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atlantic, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted)(emphasis added).  *See also* Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Determining whether a complaint states a plausible claim for relief is, therefore, a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  Ashcroft, 129 S.Ct. at 1950.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  Id. at 1950.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Id.

In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989), the Louisiana Supreme Court outlined the elements of an intentional interference with contract claim:

> [t]he action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
> 9 to 5 Fashions, Inc., 538 So.2d at 234.

Jurisprudence has held that only a corporate officer, and not a manager or a corporation, may be liable to the corporation for tortious interference with contract.  See

15

Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group,

Inc., 166 F.Supp.2d 511 (E.D.La.2001); Restivo v. Hanger Prosthetics & Orthotics, Inc.,

483 F.Supp.2d 521, 536 (E.D.La.2007); American Waste & Pollution Control Co. v.

Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991).

Defendant Petrucci is the only defendant currently alleged to be a corporate

officer.  He is expressly alleged to be President of Eurosider America.  However, in their

opposition to the motion to dismiss, plaintiffs argue his status with Eurosider Italy is not

known, and at oral argument, plaintiffs asked for leave to amend to clarify the corporate

officer status of the individual defendants.  Therefore, the undersigned will recommend

that all claims for intentional interference with contract against the corporate defendants

Eurosider America and N2 Spray Solutions be dismissed.  The undersigned will also

recommend that plaintiff be allowed to amend his complaint to clarify the corporate

officer status of the individual defendants, Petrucci, Grady Olson, Cindy Olson,

Gherardini, and Bonnegent.

In their motions, defendants also argue the other claims are not adequately pled

under Ashcroft, supra.  That is, defendants argue the plaintiffs complaint contains bare

assertions and their claims are merely formulaic recitations of the elements of same.

Defendants want "who, what, when, where and how" factual allegations made, and while

Rule 8 of the Federal Rules of Civil Procedure requires only that a claim for relief contain

"a short and plain statement of the claim showing that the pleader is entitled to relief," at

oral argument defendants argued <u>Ashcroft v. Iqbal</u> brought federal notice pleading closer to state court fact pleading requirements.[7]

Plaintiffs have alleged, as outlined above, that defendants formerly were in business relationships with plaintiffs, the defendants terminated those relationships and stole plaintiffs' confidential information, interfered with plaintiff's contracts with its customers and its distributorship agreement with Eurosider Italy.  Plaintiffs also allege the Olsen defendants set up their own company in direct competition with plaintiffs, and are using plaintiffs' copyrighted material on their website without plaintiffs' consent.

While some of the claims are adequately pled, the undersigned finds some are not. Of  particular concern is the allegation of copyright infringement, upon which the entire jurisdiction of the court rests.   While pled adequately enough to survive the motions to dismiss, plaintiffs claim for copyright infringement is somewhat vague, as it does not allege which information plaintiff has registered copyrights to, which plaintiff has those registered copyrights, or  which copyrighted information the Olson defendants are using without plaintiffs' permission.  17 U.S.C. § 411(a) provides  ". . . no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." In conformity with the dictates of this section, the Fifth Circuit has held that "registration with the copyright office is a *jurisdictional* prerequisite to filing a copyright

---

[7]The undersigned notes this matter was removed from a Louisiana state court.

infringement suit." Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir.1997). Since this court's entire jurisdiction rests on this allegation of copyright infringement, the undersigned recommends plaintiffs be ordered to amend to more specifically plead their copyright infringement claim.

Several other claims are also inadequately plead.  The undersigned will recommend plaintiff be given an opportunity to amend claims 1, 2, and 4, intentional interference with contract, and claim 6, breach of fiduciary duty, to identify what misleading, false, and defamatory information was provided by defendants.  The undersigned will also recommend plaintiffs be allowed to amend claim 5, unfair competition, only as to defendants Petrucci and Eurosider America, to identify what misleading, false and defamatory information was provided by same.

*Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Celotex</u>, 477 U.S. at 324; see also <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Auguster v. Vermillion Parish School Bd.</u>, 249 F.3d 400, 402 (5th Cir. 2001).

Defendants Pertrucci and Eurosider America filed, in addition to their motion to dismiss, an alternative motion for summary judgment, to which affidavits were attached. However, discovery in this forum has not formally commenced, no scheduling order has been entered in this matter, and there is not any discovery deadline imposed yet.

Plaintiff has filed a Rule 56(f) affidavit in the record, styled as a motion for additional time, in which he states he needs more discovery to effectively opposed the motion for summary judgment.[8]  Therefore, the undersigned will recommend the motion for summary judgment be dismissed as premature, without prejudice to refile same.

---

[8]See *Motion Pursuant to Rule 56(f)*(Rec. Doc. 55).

19

### *Conclusions and Recommendations*

For all the reasons given above, the undersigned concludes the court has subject matter jurisdiction.  The undersigned also concludes plaintiffs have failed to state a claim against corporate defendants Eurosider America and N2 Spray Solutions.  The undersigned also concludes plaintiffs' allegations against defendants in claims 1, 2, 3, 4, 5, 6 and 13 are insufficiently pled.

The undersigned recommends plaintiffs be allowed to amend claims 1, 2, 3, 4, and 6 to specifically allege what misleading, defamatory, false information was provided by defendants.  It is also recommended plaintiffs be allowed to amend claim 5, solely as to defendants Petrucci and Eurosider America, to allege what misleading, defamatory, false information was provided by defendants.  The undersigned also recommends plaintiffs be allowed to amend claims 1, 2 and 4 to clarify the corporate officer status of individual defendants Petrucci, Grady Olson, Cindy Olson, Bonnegent and Gherardini.  Finally, the undersigned recommends plaintiffs be allowed to amend claim 13 for copyright infringement to specifically allege who owns which copyright to which materials and which copyrighted materials the Olson defendants are wrongfully using;

Therefore,

**IT IS THE RECOMMENDATION** of this court that subject matter jurisdiction be found to exist, pending reexamination of plaintiffs' amended claim of copyright infringement;

20

**IT IS FURTHER RECOMMENDED** that defendants Grady Olson, Cindy Olson, James P. Gherardini, Kristopher R. Bonnegent, and N2 Spray Solutions, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6)(rec. doc. 10) and defendants Oriano Petrucci and Eurosider America, Inc.'s Alternative Motions to Dismiss and For Summary Judgment (rec. doc. 33) be **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE TO REFILE SAME, AS FOLLOWS**:

1) All claims for intentional interference with contract against corporate defendants Eurosider America, Inc. and N2Spray Solutions be **DISMISSED**;

2) Plaintiffs shall amend their complaint within 14 days of the District Judge's ruling on this report and recommendation to more specifically allege the following claims:

   a) Claims 1, 2 and 4 shall be amended to clarify the corporate officer status of the individual defendants;

   b) Claims 1, 2, 3, 4, and 6 shall be amended to more particularly allege what misleading, defamatory and false information was provided by defendants;

   c) Claim 5 shall be amended, as to defendants Petrucci and Eurosider America only, more particularly allege what misleading, defamatory and false information was provided by defendants;

21

d)      Claim 13 for Copyright Infringement shall be amended to

specifically allege who owns which copyright to which materials and

which copyrighted materials the Olson defendants are wrongfully

using;

3).      All other requested relief be **DENIED** without prejudice to reurge the relief

requested if warranted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within fourteen (14) days after being served with a

copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in this Report and Recommendation within fourteen

(14) days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings

or the legal conclusions accepted by the District Court, except upon grounds of plain

error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lafayette, Louisiana, this 9th day of February, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

23