UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **HAYDELL INDUSTRIES, LLC, ET AL**<br>**ADVANCED EQUIPMENT**<br>**SERVICES, INC.** | **CIVIL ACTION NO. 09-1518** |
| **VERSUS** | **JUDGE MELANCON** |
| **ORIANO PETRUCCI, ET AL** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION ON SECOND
MOTION TO DISMISS PURSUANT TO RULE 12(b)*

Before the court is defendants Grady Olson, Cindy Olson, James P. Gherardini, Kristopher R. Bonnegent, and N2 Spray Solutions, LLC's Second Motion to Dismiss Pursuant to Rule 12(b)(6). (Rec. Doc. 86). The motion is opposed.

*Background and Argument*

Defendants removed this matter from state court alleging federal question jurisdiction due to plaintiffs' allegations of copyright infringement under 17 U.S.C. §501, et seq. In their First Supplemental and Amending Petition for Damages and Injunctive Relief, plaintiffs alleged several causes of action. The claims made against the moving defendants Cindy Olson, Grady Olson, James P. Gherardini, Kristopher R. Bonnegent and N2 Spray Solutions were titled as follows:

1)  First Cause of Action – Intentional Interference with Contract Between Haydell Industries and Eurosider Italy, alleged against Petrucci, Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, and Pawlik;

1

2)     Second Cause of Action – Intentional Interference with Contract Between Haydell Industries and Sub-Distributors, alleged against Petrucci and Eurosider America, but relief is also claimed against Grady Olson, Cindy Olson, Gherardini, Bonnegent and Pawlik;

3)     Third Cause of Action – Invasion of Business Interest, alleged against Petrucci, Eurosider, Grady Olson, Cindy Olson, Gherardini, Bonnegent and Pawlik.;

\* \* \*

5)     Fifth Cause of Action - Unfair Competition, alleged against Petrucci, Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, Pawlik, N2Spray Solutions;

6)     Sixth Cause of Action - Breach of Fiduciary Duty, alleged against Petrucci, Eurosider America, Grady Olson, Cindy Olson, Gherardini, Bonnegent, Pawlik;

\* \* \*

9)     Ninth Cause of Action – Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Against Grady Olson, Cindy Olson, Gherardini, Bonnegent, and Pawlik, alleged against Grady Olson, Cindy Olson, Gherardini, and Pawlik;

11)     Tenth Cause of Action (misnumbered) – Breach of Covenant Not to Compete Against Cindy Olson, Gherardini, and Bonnegent, alleged against Cindy Olson, Gherardini, and Bonnegent;[1]

12)     Eleventh Cause of Action (misnumbered) – Theft, Destruction, and Misappropriation of Trade Secrets, Petrucci, Grady Olson, Cindy Olson, Gherardini, Bonnegent, and Pawlik;

\* \* \*

14)     Thirteenth Cause of Action (misnumbered) – Copyright Infringement, alleged against Grady Olson, Cindy Olson, Gherardini, Bonnegent, and

---

[1]The allegation is misnumbered by the plaintiff.

N2Spray Solutions.[2]

After oral argument on the first motion to dismiss and for summary judgment, the undersigned issued a report and recommendation which the District Judge adopted. The report found while most of the claims were adequately pled and stated a claim for relief, certain claims were not adequately pled. The Judgment adopted the report and recommendation which addressed the deficiencies and read in pertinent part as follows:

> [S]ubject matter jurisdiction exists in this matter, pending reexamination of plaintiffs' amended claim of copyright infringement.
>
> * * *
>
> 2) Plaintiffs shall amend their complaint within 14 days of this order to more specifically allege the following claims:
>
>   a) Claims 1, 2 and 4 shall be amended to clarify the corporate officer status of the individual defendants;
>
>   b) Claims 1, 2, 3, 4, and 6 shall be amended to more particularly allege what misleading, defamatory and false information was provided by defendants;
>
>   c) Claim 5 shall be amended, as to defendants Pertrucci and Eurosider America only, to more particularly allege what misleading, defamatory and false information was provided by defendants;
>
>   d) Claim 13 for Copyright Infringement shall be amended to specifically allege who owns which copyright to which materials and which copyrighted materials the Olson defendants are wrongfully using.[3]

---

[2]First Supplemental and Amending Petition for Damages and Injunctive Relief (Rec. Doc. 1-1).

[3]Judgment (Rec. Doc. 66).

3

Defendants were given permission to re-urge their motion to dismiss after plaintiffs filed their amended complaint, if warranted. Plaintiffs filed an amended complaint and the second motion to dismiss followed.

In their second motion to dismiss, defendants re-urge their arguments made in the first motion and argue the amended complaint is still insufficient under the pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The Court has already ruled on the original motion to dismiss and the arguments made therein. To the extent the second motion to dismiss seeks to re-urge arguments made in the first motion to dismiss on claims already determined to be adequately pled and not ordered amended, the undersigned will recommend it be denied. Only arguments relevant to the claims made against the moving defendants that were amended as ordered by the Court, Claims 1, 2, 3, 4, 6 and 13 will be considered properly re-urged and addressed herein.[4]

### *Applicable Law and Discussion*

***Motion to Dismiss Standard***

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007) (internal quotations

---

[4]Claims 1, 2, 3, 4, 6, and 13 of the original complaint are renamed and numbered. Claim 13 became Count 1 and Claims 1, 2, 3, 4, and 6 became Counts 2, 3, 4, 5, and 7, respectively.

omitted), quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Breaches Litig., 495 F.3d at 205, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id., quoting Bell Atl., 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl., 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Determining whether a complaint states a plausible claim for relief is, therefore, a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Ashcroft, 129 S.Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id. at 1950. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id.

*Was Claim 13 for Copyright Infringement (now Count 1) adequately amended to specifically allege who owns which copyright to which materials and which copyrighted materials the defendants are wrongfully using?*

5

Plaintiffs' amended Count 1 for copyright infringement is the basis of subject matter jurisdiction for the entire litigation and therefore will be closely examined. In the Judgment, the Court ruled that subject matter jurisdiction existed pending reexamination of plaintiffs' amended claim of copyright infringement. The Court ordered plaintiffs to amend then Claim 13 "to specifically allege who owns which copyright to which materials and which copyrighted materials the Olson defendants are wrongfully using."[5] As noted in the report by the undersigned, 17 U.S.C. § 411(a) provides ". . . no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." The Fifth Circuit has held that "registration with the copyright office is a jurisdictional prerequisite to filing a copyright infringement suit." Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir.1997).

In the Second Supplemental and Amended Complaint, plaintiffs allege, *inter alia*, as follows:

> 79. Haydell Industries, Advanced Equipment, and/or Haydell own various copyrights on various original works of authorship fixed in a tangible medium. Some of these various original works of authorship have been registered with the U.S. Copyright Office, namely, the work entitled Spray Painting with Nitrogen authored by Haydell.
>
> 80. Grady Olson, Cindy Olson, Gherardini, and Bonnegent, all individually and through N2 Spray Solutions, operate a website at

---

[5]Judgment (Rec. Doc. 66).

>       the URL "n2spraysolutions.com," on which Grady Olson, Cindy
>       Olson, Gherardini, and Bonnegent, all individually and through N2
>       Spray Solutions, have been and are engaged in acts of
>       misappropriating content and infringing copyrights by republishing
>       verbatim copies of copyrighted information obtained from the
>       website of Haydell Industries and Advanced Equipment, including
>       but not limited to the work entitled Spray Painting with Nitrogen
>       authored by Haydell, without the consent of Haydell Industries,
>       Advanced Equipment, and/or Haydell.[6]

Plaintiffs have alleged they are owners of at least one registered copyright to the work entitled "Spray Painting with Nitrogen," which defendants have copied and republished verbatim. The undersigned finds plaintiffs have adequately plead factual allegations of copyright infringement that plausibly give rise to an entitlement to relief and recommends defendants' motion to dismiss this claim be denied. Consequently, the undersigned finds the court has subject matter jurisdiction over all of the claims and parties in this matter through application of 28 U.S.C. §1338(2) and 28 U.S.C. §1367.

***Were Claims 1, 2 and 4 (now Counts 2, 3, and 5) adequately amended to clarify the corporate officer status of the individual defendants?***

Claims 1, 2 and 4 of the original complaint alleged intentional interference by defendants with contracts between Haydell Industries and Eurosider Italy, Haydell Industries and Eurosider America, and Haydell Industries and Sub-Distributors. In the first report, the undersigned recognized that jurisprudence has held that only a corporate officer, and not a manager or a corporation, may be liable to the corporation for tortious

---

[6]Second Supplemental and Amended Complaint (Rec. Doc. 72).

interference with contract. See Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc., 166 F.Supp.2d 511 (E.D.La.2001); Restivo, Jr. v. Hanger Prosthetics & Orthotics, Inc., 483 F.Supp.2d 521, 536 (E.D.La.2007); American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). However, in the original complaint, only defendant Petrucci was named as an officer, President of Eurosider America, although his status was less than clear. Therefore, plaintiffs were ordered to amend the complaint to clarify the corporate officer status of all of the individual defendants. The corporate officer status of the defendant movers is alleged in the following paragraphs of the amended complaint:

> 38. Bonnegent's job positions while working with Haydell Industries and/or Advanced Equipment included Regional Sales Manager and National Accounts Manager;
>
> 94. During his employment with Haydell Industries and/or Advanced Equipment, Bonnegent was a *corporate officer* holding the titles of Regional Sales Manager and National Accounts Manager.
>
> * * *
>
> 46. Gherardini's job positions while working with Haydell Industries and/or Advanced Equipment included Paint Consultant and Demonstration Instructor.
>
> * * *
>
> 54. Cindy Olson's job positions while working with Haydell Industries and/or Advanced Equipment included Vice-President of Marketing and Human Resources;
>
> 93. During her employment with Haydell Industries and/or Advanced Equipment, Cindy Olson was a *corporate officer* holding the title of

> Vice-President of Marketing and Human Resources.
>
> * * *
>
> 92. Upon information and belief, Grady Olson is a corporate officer of Nepsa Management and/or N2 Spray Solutions.

In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989), the Louisiana Supreme Court outlined the elements of an intentional interference with contract claim:

> [t]he action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
> 9 to 5 Fashions, Inc., 538 So.2d at 234.

The undersigned finds the amended complaint adequately alleges that defendants Bonnegent and Cindy Olson were corporate officers of Haydell Industries and/or Advanced Marketing. However, there is no allegation that defendant Gherardini was a corporate officer, and only corporate officers may be liable for intentional interference with contract. In addition, while Grady Olson is alleged to be a corporate officer of Nepsa Management and/or N2 Spray Solutions, there is no allegation that plaintiffs had any contract with Nepsa Management and/or N2 Spray Solutions. One of the elements of an intentional interference with contract claim under 9 to 5 Fashions, Inc., 538 So.2d 228 (La. 1989), is that there be "a contract or a legally protected interest between the plaintiff

and the corporation." There is no allegation there was any contract between plaintiffs and Nepsa Management and/or N2 Spray Solutions therefore, the undersigned recommends that the motion to dismiss any claims made against Gherardini and Grady Olson for intentional interference with contract be granted.

***Were Claims 1, 2, 3, 4, and 6 (now Counts 2, 3, 4, 5, and 7) adequately amended to more particularly allege the misleading, defamatory and false information allegedly provided by defendants?***

In the amended complaint, plaintiffs allege defendants Grady Olson, Cindy Olson, Gherardini, and Bonnegent provided, *inter alia*, the following misleading, defamatory, and false information: 1) that Haydell Industries would not be able to comply with the distributor agreement with Eurosider Italy by the end of the year (¶ 104); 2) that the equipment being sold and/or rented by Haydell Industries was stolen from Eurosider Italy (¶ 105); that Haydell Industries made fraudulent modifications to the equipment (¶ 105); that Eurosider Italy was suing Haydell Industries for patent infringement (¶ 105); the equipment was subject to seizure by Eurosider Italy or Eurosider America (¶ 105); and, the equipment was being sold and/or rented in violation of certain industry certifications (¶ 105).

The undersigned finds plaintiffs have particularly alleged misleading, defamatory and false information provided by defendants. The pleading deficits noted by the Court in the plaintiffs' original complaint relative to Claims 1, 2, 3, 4, and 6 have been amply corrected, as ordered by the Court. Therefore, the undersigned finds the plaintiffs'

amended and supplemental complaint meets all of the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

***Conclusion and Recommendation***

The undersigned finds plaintiffs have amended their complaint to adequately allege a copyright infringement action against defendants, and for the reasons given above and in the first report, the undersigned finds the court has subject matter jurisdiction.

In addition, plaintiffs have amended their complaint and corrected the pleading deficiencies in accordance with the Court's prior Order. Therefore, the undersigned finds the plaintiffs' amended and supplemental complaint meets all of the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and there is no basis for dismissal of any of the claims made in the amended complaint based on any failure to meet these pleading requirements.

Finally, the undersigned finds the amended complaint adequately alleges that defendants Bonnegent and Cindy Olson were corporate officers of Haydell Industries and/or Advanced Marketing, but there is no allegation that defendants Gherardini or Grady Olson were corporate officers of Haydell Industries and/or Advanced Marketing. Only corporate officers may be liable for intentional interference with contract.

11

Moreover, while defendant Grady Olson is alleged to be a corporate officer of Nepsa Management and/or N2 Spray Solutions, there is no allegation that plaintiffs had any contract with Nepsa Management and/or N2 Spray Solutions with which Grady Olson could have interfered. Therefore, the undersigned finds plaintiffs have not stated claims for intentional interference with contract against defendants Gherardini or Grady Olson.

For the reasons given above,

**IT IS RECOMMENDED** that Grady Olson, Cindy Olson, James P. Gherardini, Kristopher R. Bonnegent, and N2 Spray Solutions, LLC's Second Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 86) be **GRANTED IN PART AND DENIED IN PART** as follows:

1) Any claims for intentional interference with contract against defendants Grady Olson and James P. Gherardini be **DISMISSED**;

2) All other claims for relief be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Lafayette, Louisiana, this 22nd day of October, 2010.

*[signature]*
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)